IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC,<br><br>             Plaintiff,<br><br>       v.<br><br>ALCATEL-LUCENT; ALCATEL-LUCENT USA INC.; ALCATEL-LUCENT HOLDINGS INC.; and AT&T INC.,<br><br>             Defendants. | Civil Action No. 4:11-cv-663<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Net Navigation Systems, LLC ("Net Navigation" or "Plaintiff"), for its Complaint against defendants Alcatel-Lucent, Alcatel-Lucent USA Inc. ("Alcatel-Lucent USA"), Alcatel-Lucent Holdings Inc. ("Alcatel-Lucent Holdings"), and AT&T Inc. ("AT&T") (collectively "Defendants") alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq.

## THE PARTIES

2.      Plaintiff Net Navigation is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

3.      Defendant Alcatel-Lucent is a corporation organized under the laws of France with its principal place of business at 3, Avenue Octave Gréard, 75007 Paris, France.

4. Defendant Alcatel-Lucent USA is a corporation organized under the laws of the State of Delaware with its principal place of business at 600 Mountain Avenue, New Providence, New Jersey 07974. Alcatel-Lucent USA's registered agent for service is:

> Prentice Hall Corporation System
> 211 E. 7th Street, Suite 620
> Austin, Texas 78701-3218

5. Defendant Alcatel-Lucent Holdings is a corporation organized under the laws of the State of Delaware with its principal place of business at 3400 W. Plano Parkway, Plano, Texas 75075. Alcatel-Lucent Holdings can be served at its principal place of business at:

> Alcatel-Lucent Holdings Inc.
> 3400 W. Plano Parkway
> Plano, Texas 75075

6. Defendant AT&T is a corporation organized under the laws of the State of Delaware with its principal place of business at 208 S. Akard Street, Dallas, Texas, 75202. AT&T's registered agent for service is:

> CT Corporation System
> 350 N. Saint Paul Street, Suite 2900
> Dallas, Texas 75201-4234

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

9. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to their substantial business in

this forum, including a portion of the acts constituting direct and/or indirect infringement as alleged herein occurring within this forum.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## JOINDER

11. Joinder is proper under 35 U.S.C. § 299.  The allegations of infringement contained herein arise out of the same series of occurrences relating to the sale and/or use of the same accused products or processes, including, but not limited to, Defendants' sale and/or use of the Alcatel-Lucent 7750 Service Routers.

12. Questions of fact relating to the infringement of the Alcatel-Lucent 7750 Service Routers common to all Defendants will arise in the action.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,625,122 B1

13. The allegations set forth in the foregoing paragraphs 1 through 12 are incorporated into this First Claim for Relief.

14. On September 23, 2003, the 6,625,122 B1 Patent ("the '122 Patent"), entitled "Selection of Data for Network Transmission," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '122 Patent is attached as Exhibit A to this Complaint.

15. Net Navigation is the assignee and owner of the right, title and interest in and to the '122 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

16. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '122 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products capable of providing priority to

PLAINTIFF NET NAVIGATION'S COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND                                                                                       Page 3 of 10

different data flows based on bandwidth, as claimed in the '122 Patent, without the authority of Net Navigation.

17. Without limitation, Defendant Alcatel-Lucent directly and indirectly infringes claims of the '122 Patent by making, selling, and causing its customers to use, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Alcatel-Lucent OmniSwitch 10K Modular Ethernet LAN Chassis and the Alcatel-Lucent 7750 Service Router.

18. Without limitation, Defendant Alcatel-Lucent USA directly and indirectly infringes claims of the '122 Patent by making, selling, and causing its customers to use, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Alcatel-Lucent OmniSwitch 10K Modular Ethernet LAN Chassis and the Alcatel-Lucent 7750 Service Router.

19. Without limitation, Defendant Alcatel-Lucent Holdings directly and indirectly infringes claims of the '122 Patent by making, selling, and causing its customers to use, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Alcatel-Lucent OmniSwitch 10K Modular Ethernet LAN Chassis and the Alcatel-Lucent 7750 Service Router.

20. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '122 Patent by using, and causing its customers to use, networking products capable of providing priority to different data flows based on bandwidth, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

21. Net Navigation has been harmed by Defendants' infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,901,147

22. The allegations set forth in the foregoing paragraphs 1 through 21 are incorporated into this Second Claim for Relief.

23. On May 4, 1999, the 5,901,147 Patent ("the '147 Patent"), entitled "Apparatus and Methods to Change Thresholds to Control Congestion in ATM Switches," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '147 Patent is attached as Exhibit B to this Complaint.

24. Net Navigation is the assignee and owner of the right, title and interest in and to the '147 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

25. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '147 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products that are capable of using queue management to control congestion, as claimed in the '147 Patent, without the authority of Net Navigation.

26. Without limitation, Defendant Alcatel-Lucent directly and indirectly infringes claims of the '147 Patent by making, selling, distributing, and causing its customers to use networking products that are capable of using queue management to control congestion, such as, without limitation, the Alcatel-Lucent OmniSwitch 10K Modular Ethernet LAN Chassis and the Alcatel-Lucent 7750 Service Router.

27. Without limitation, Defendant Alcatel-Lucent USA directly and indirectly infringes claims of the '147 Patent by making, selling, distributing, and causing its customers to use networking products that are capable of using queue management to control congestion, such

as, without limitation, the Alcatel-Lucent OmniSwitch 10K Modular Ethernet LAN Chassis and the Alcatel-Lucent 7750 Service Router.

28. Without limitation, Defendant Alcatel-Lucent Holdings directly and indirectly infringes claims of the '147 Patent by making, selling, distributing, and causing its customers to use networking products that are capable of using queue management to control congestion, such as, without limitation, the Alcatel-Lucent OmniSwitch 10K Modular Ethernet LAN Chassis and the Alcatel-Lucent 7750 Service Router.

29. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '147 by using, and causing its customers to use, networking products that are capable of using queue management to control congestion, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

30. Net Navigation has been harmed by Defendants' infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,434,145 B1

31. The allegations set forth in the foregoing paragraphs 1 through 30 are incorporated into this Third Claim for Relief.

32. On August 13, 2002, the 6,434,145 B1 Patent ("the '145 Patent"), entitled "Process of Network Data by Parallel Processing Channels," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '145 Patent is attached as Exhibit C to this Complaint.

33. Net Navigation is the assignee and owner of the right, title and interest in and to the '145 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

34. In violation of 35 U.S.C. § 271, Defendants have directly infringed the '145 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products that use parallel processing channels, as claimed in the '145 Patent, without the authority of Net Navigation.

35. Without limitation, Defendant Alcatel-Lucent directly and indirectly infringes claims of the '145 Patent by making, selling, distributing, and causing its customers to use, networking products that use parallel processing channels, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

36. Without limitation, Defendant Alcatel-Lucent USA directly and indirectly infringes claims of the '145 Patent by making, selling, distributing, and causing its customers to use, networking products that use parallel processing channels, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

37. Without limitation, Defendant Alcatel-Lucent Holdings directly and indirectly infringes claims of the '145 Patent by making, selling, distributing, and causing its customers to use, networking products that use parallel processing channels, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

38. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '145 Patent by making, selling, distributing, and causing its customers to use, networking products that use parallel processing channels, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

39. Net Navigation has been harmed by Defendants' infringing activities.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,307,860 B1

40.     The allegations set forth in the foregoing paragraphs 1 through 39 are incorporated into this Fourth Claim for Relief.

41.     On October 23, 2001, the 6,307,860 B1 Patent ("the '860 Patent"), entitled "Systems and Methods for Data Transformation and Transfer in Networks," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '860 Patent is attached as Exhibit D to this Complaint.

42.     Net Navigation is the assignee and owner of the right, title and interest in and to the '860 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

43.     In violation of 35 U.S.C. § 271, Defendants have directly infringed the '860 Patent by making, using, importing, selling, and/or offering for sale in the United States, including within this judicial district, networking products having multi-processing systems, as claimed in the '860 Patent, without the authority of Net Navigation.

44.     Without limitation, Defendant Alcatel-Lucent directly and indirectly infringes claims of the '860 Patent by making, selling, distributing, and causing its customers to use, networking products having multi-processing systems, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

45.     Without limitation, Defendant Alcatel-Lucent USA directly and indirectly infringes claims of the '860 Patent by making, selling, distributing, and causing its customers to use, networking products having multi-processing systems, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

46.     Without limitation, Defendant Alcatel-Lucent Holdings directly and indirectly infringes claims of the '860 Patent by making, selling, distributing, and causing its customers to

use, networking products having multi-processing systems, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

47. Without limitation, Defendant AT&T directly and indirectly infringes claims of the '860 Patent by using, and causing its customers to use, networking products having multi-processing systems, such as, without limitation, the Alcatel-Lucent 7750 Service Router.

48. Net Navigation has been harmed by Defendants' infringing activities.

## JURY DEMAND

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Net Navigation demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Net Navigation demands judgment for itself and against Defendants as follows:

A. An adjudication that Defendants have infringed the '122 Patent, the '147 Patent, the '145 Patent, and the '860 Patent;

B. An award of damages to be paid by Defendants adequate to compensate Net Navigation for their past infringement of the '122 Patent, the '147 Patent, the '145 Patent, and the '860 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs and expenses;

C. That this Court order an accounting of all infringing acts including, but not limited to, those acts not presented at trial, and award Net Navigation damages for any such acts;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

E.  An award to Net Navigation of such further relief at law or in equity as the Court deems just and proper.

Dated: October 14, 2011

                Respectfully submitted,

                By: /s/ James C. Tidwell
                  James C. Tidwell
                  State Bar No. 20020100

                WOLFE, TIDWELL & McCOY, LLP
                320 North Travis Street, Suite 205
                Sherman, Texas 75090
                (903) 868-1933
                (903) 892-2397 FAX

                **Attorneys for Plaintiff**
                **Net Navigation Systems, LLC**