IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC,<br><br>               Plaintiff,<br>     v.<br><br>ALCATEL-LUCENT USA INC., and AT&T, INC.,<br><br>               Defendants. | Civil Action No. 4:11-cv-663-RAS-ALM |

**DEFENDANTS' RESPONSE IN OPPOSITION TO NET NAVIGATION'S
MOTION FOR PROTECTIVE ORDER TO KEEP ITS PICS CONFIDENTIAL**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION.................................................................................................................1

II. ARGUMENT.......................................................................................................................3
    A. Legal Standard .........................................................................................................3
    B. Net Navigation's Contentions Are Not Properly Designated
       "Confidential" ...........................................................................................................3

III. CONCLUSION ...................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Constellation, LLC v. Avis Budget Group, Inc.*,
   No. 5:07CV38, 2007 WL 7658921 (E.D. Tex. Oct. 30, 2007) ....................................... 4, 5, 6, 7

*ExitExchange Corp. v. Casale Media Inc.*,
   No. 2:10–CV–297, 2012 WL 996960 (E.D. Tex. Mar. 23, 2012) ............................................. 5

*Fractus, S.A. v. Samsung Elecs. Co.*,
   No. 6:09-cv-203-LED-JDL (E.D. Tex. June 7, 2010) ................................................................ 4

*U.S. v. Holy Land Found. for Relief and Dev.*,
   624 F.3d 685, 690 (5th Cir. 2010) ............................................................................................. 4

— Emphasis added unless otherwise indicated.

Defendants Alcatel-Lucent USA Inc. ("Alcatel-Lucent") and AT&T Inc. submit this response in opposition to Net Navigation's Motion for a Protective Order to Keep Its PICs Confidential ("Sealed Motion").  Defendants respectfully request that Net Navigation's Motion be denied and its infringement contentions, which cite exclusively to publicly available information, be de-designated.

## I.     INTRODUCTION

Net Navigation is a non-practicing entity created expressly for the purpose of licensing and litigating the patents-in-suit.  Having as its sole purpose the enforcement and monetization of the patents-in-suit, Net Navigation has no competitors in its business, nor is it a competitor of Defendants.  In short, this is not a case in which high-tech competitors are litigating over jealously guarded technology and trade secrets.

Because its infringement contentions do not contain any confidential and competitive trade secret information, Net Navigation's argument for restricting its contentions from public view is based on the remarkable claim that the mere thought process of its trial counsel in deciding how to match up the language from one set of public documents (the patents-in-suit) to another set of public documents (marketing and technical documents regarding some of the products-in-suit) qualifies as confidential information under the Court's protective order in this case.  Net Navigation further argues that its infringement contentions are worthy of protection because it has never told any entities (prior to this law suit) that they infringe or how they infringe.  In other words, Net Navigation claims it would be harmed if the public knew how it understands the scope of its claims.  It is an astonishing argument to make when the very purpose of the patent system is to give notice to the public of the scope of the claims so that the public can avoid trespassing on the patent-holder's right to exclude.  Yet because Net Navigation has designated its infringement contentions "Confidential," the public (including, for example,

Alcatel-Lucent's customers whom Net Navigation claims directly infringe the patents) cannot obtain the basis of the alleged infringement.  Indeed, Defendants in this action have no access to Net Navigation's infringement contentions against the defendants in the -660 and -662 actions—even though the cases are consolidated for claim construction proceedings—and cannot determine whether Net Navigation has taken inconsistent positions regarding the scope of the asserted claims.  Net Navigation should not be permitted to use this Court's confidentiality provisions as leverage to assert its patents over unsuspecting parties, unhindered by the positions it has taken in litigation about the scope of its claims.  The potential harm to Defendants and the public at large is enormous.

Net Navigation tries to distract the Court from the fact that it must—but cannot—prove legitimate harm to its business in order to justify the confidentiality designation by shifting the focus to Defendants, arguing that the designation causes them no prejudice.  Nothing could be further from the truth.  Net Navigation's "compromise" of allowing Defendants to disclose the contentions only to third-party vendors and suppliers to whom it does not object after a 7-business-day notice period unfairly forces Defendants to reveal their trial preparations to Net Navigation.  It also precludes Defendants from engaging non-testifying consultants to assist preparing their defense.  Net Navigation should not be permitted to take advantage of this Court's power to protect confidential information in order to restrict the essential work activities of Defendants' trial counsel.

Because Net Navigation's infringement contentions do not contain information that qualifies as "confidential" under the Court's Protective Order, Defendants respectfully request that the Court deny Net Navigation's Sealed Motion and de-designate the contentions.  Net

Navigation will suffer no harm by allowing the public access to information regarding how it understands the scope of its government-issued claims.

## II. ARGUMENT

### A. Legal Standard

The proper standard to be applied is set forth in the Court's Protective Order. Where the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, "the party … producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment." (D.I. 31 at 9 ¶ 3.) To meet its burden, Net Navigation must show that its infringement contentions contain "confidential proprietary and business information and/or trade secrets ('Confidential Information')" and that public disclosure of its infringement contentions "could severely injure or damage [it]" and "place [it] at a competitive disadvantage." (*Id.* at 8 ¶¶ 1–2.)

### B. Net Navigation's Contentions Are Not Properly Designated "Confidential"

The information set forth in Net Navigation's infringement contentions does not qualify as "confidential proprietary and business information and/or trade secrets" under the Court's Protective Order in this action. (*See id.*) As Net Navigation concedes in its Sealed Motion, its infringement contentions cite exclusively to publicly available documents. (D.I.80, Sealed Mot. at 4 ("Net Navigation was forced to rely upon publicly available information for support of its PICs.")  Accordingly, Net Navigation's sole basis for its assertion of confidentiality is that its infringement contentions contain its lawyers' "mental impressions, technical and strategic analysis, and infringement analysis concerning the scope of the Patents-in-Suit." (D.I. 80, Sealed Mot. at 3.)

As an initial matter, Net Navigation grossly overreaches when it claims that its lawyers' legal analysis of public documents is worthy of protection, as such "analysis" is routinely

3

disclosed during the course of litigation. And, once disclosed to the opposing party, such "legal strategy" does not merit a "confidential" designation. *Constellation, LLC v. Avis Budget Group, Inc.*, No. 5:07CV38, 2007 WL 7658921, at *2–3 (E.D. Tex. Oct. 30, 2007); *Fractus, S.A. v. Samsung Elecs. Co.*, No. 6:09-cv-203-LED-JDL, Order (D.I. 410), slip op. at 2 (E.D. Tex. June 7, 2010). Moreover, Net Navigation's assertion, taken to its logical conclusion, leads to the absurd result that every discovery response, every piece of correspondence between the parties in which they set forth their legal positions, and every memorandum of law filed with the Court should be deemed confidential and subject to filing under seal. But that is not the practice, nor is it the law. *U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (holding district court's decision to seal to be abuse of discretion, emphasizing that "a court must use caution in exercising its discretion to place records under seal" because "[t]he principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself.").

Absurd results aside, the arguments Net Navigation advances in its Motion underscore why the information in its contentions should be made public: Net Navigation's infringement contentions reflect how it understands the claim scope of the Patents-in-Suit. (D.I. 80, Sealed Mot. at 4.) The very purpose of the patent system is to put the public on notice of the scope of the issued claims so that the public can avoid potential infringement and honor the patentee's right to exclude. Yet Net Navigation wants to seal off from public view the way in which it understands the scope of the asserted claims and how it reads those claims against the over 60 products it has targeted in at least three different law suits against five different entities. In short, Net Navigation wishes to litigate its patents in secret. De-designation of Net Navigation's infringement contentions is warranted to provide notice to the public regarding Net Navigation's

4

"perceived scope of patent ownership." *See, e.g., Constellation*, 2007 WL 7658921 at *3. Otherwise, Net Navigation could assert contradictory infringement theories in each of its related litigations without providing defendants the opportunity to learn about or address such inconsistencies by cloaking its contentions under cover of confidentiality. Indeed, Net Navigation may be asserting contradictory theories of infringement in these concurrently-pending actions.

Nor can Net Navigation credibly claim that its infringement contentions contain trade secrets. The infringement contentions merely (and deficiently, *see* D.I.73 (Def.s' Mot. to Strike) identify which aspects of Alcatel-Lucent's publicly available product information Net Navigation alleges correspond to various claim elements. As such, the contentions do not contain any information about Net Navigation that would give its competitors a business advantage. Not only do Net Navigation's contentions lack such "confidential proprietary and business information," but Net Navigation—as a non-practicing entity—has no competitors who could use such information to cause it competitive harm. *See, e.g., Constellation,* 2007 WL 7658921 at *3.

Net Navigation's heavy reliance on *ExitExchange Corp. v. Casale Media Inc.*, No. 2:10–CV–297, 2012 WL 996960 (E.D. Tex. Mar. 23, 2012), is misplaced. In *ExitExchange*, the Court had already entered a protective order which contemplated and allowed for the designation of infringement contentions as confidential. *Id.* at *1. By contrast in this case, the Protective Order requires that the designation only apply to "confidential proprietary and business information and/or trade secrets ('Confidential Information')". (D.I. 31 at 8 ¶ 1.) For reasons discussed in a previous order not set forth in *ExitExchange*, the Court determined that the disclosure of the confidential information underlying the infringement contentions would cause competitive harm

to the plaintiff—a practicing entity. *ExitExchange*, 2012 WL 996960 at *1–2. And the plaintiff in *ExitExchange* actually cited confidential documents in support of its infringement contentions. *Id.* By contrast in this case, Net Navigation (where it cited any support at all) cited only public documents in support of its infringement contentions and, as noted above, can suffer no competitive harm as a non-practicing entity. *See Constellation*, 2007 WL 7658921 at *3.

Because it cannot meet the competitive harm test, Net Navigation repeatedly tries to shift the burden to Defendants to show how Net Navigation's improper confidentiality designation prejudices them. But it is Net Navigation's burden to show that the confidentiality designation is proper, as well as how removal of the confidentiality designation would cause it harm. In any event, the harm caused to Defendants is clear: Net Navigation's improper designation hinders Defendants' unfettered use of the contentions to fully defend against Net Navigation's infringement claims and to explore Net Navigation's allegations with interested third parties. While Net Navigation and Defendants reached an interim agreement whereby Defendants can disclose the contentions to third party vendors and suppliers *so long as* Defendants identify those third parties to Net Navigation and Net Navigation lodges no objections after 7 business days, Defendants are prejudiced even by this interim agreement. Not only did the interim agreement take several weeks to negotiate, resulting in delay to Defendants in developing their defenses, but it places a stranglehold on Defendants' ability to manage their defense without Net Navigation's involvement. Defendants' preparation of their case should not be restricted to third party vendors to whom Net Navigation condescends to grant its approval. Indeed, Defendants should be able to disclose Net Navigation's infringement contentions to any and all interested parties, including undisclosed consultants, in preparation for trial. Moreover, if the infringement contentions are de-designated, the public can better ascertain what Net Navigation believes to be

the scope of its patents, allowing the public (for example, Alcatel-Lucent's customers) to potential infringing activity and/or acquire a license.

Although the prejudice to Defendants and the public at large is great, Net Navigation has identified no legitimate harm that it will suffer if forced to litigate its patents in the public view, rather than in secret.[1] *See Constellation,* 2007 WL 7658921 at *3. Accordingly, its motion should be denied and its infringement contentions de-designated.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Net Navigation's motion for a protective order and de-designate Net Navigation's infringement contentions.

Dated: August 28, 2012

Respectfully submitted,

By: */s/ Eric H. Findlay*

Eric H. Findlay
State Bar No. 00789886
efindlay@findlaycraft.com
Brian Craft
State Bar No. 04972020
bcraft@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Telephone: 903-534-1100
Fax: 903-534-1137

Jeanne M. Heffernan, admitted *pro hac vice*
jheffernan@kirkland.com

---

[1] Net Navigation's business model supports the conclusion that it wants to keep its contentions secret so that it can take the public by surprise in future actions. Apparently, de-designation of its contentions would prohibit Net Navigation from taking advantage of this Court's confidentiality provisions as leverage to assert its patents against unsuspecting parties, unhindered by the positions it has taken in this litigation about the scope of its claims. That is not the kind of harm the Court's confidentiality provisions seek to prevent.

        Martin A. Galese, admitted *pro hac vice*
        mgalese@kirkland.com
        Kirkland & Ellis LLP
        601 Lexington Avenue
        New York, NY 10022
        Telephone: 212- 446-4696
        Fax: 212-446-6460

        ATTORNEYS FOR
        DEFENDANTS ALCATEL-LUCENT USA
        INC. and AT&T, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 28, 2012, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

*/s/  Eric H. Findlay*
Eric H. Findlay