# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:11-cv-663-RAS-ALM |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| ALCATEL-LUCENT USA INC., AND AT&T INC., | ) |
| | ) |
| Defendants. | ) |

## NET NAVIGATION'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO KEEP ITS PICS CONFIDENTIAL

I.   INTRODUCTION

In its opening brief, Net Navigation Systems, LLC ("Net Navigation") set forth its basis for why its preliminary infringement contentions ("PICs") were properly designated confidential, and cited to controlling case law supporting its rationale. *ExitExchange Corp. v. Casale Media, Inc.*, 2:10-cv-297, 2012 U.S. Dist. LEXIS 40000 at *8 (E.D. Tex. Mar. 23, 2012) (J. Gilstrap) ("The Court finds that such information [plaintiff's PICs] is confidential business information that is not generally known.  Accordingly, the information in question should remain confidential.")  Rather than provide any meaningful challenge to that rationale, Defendants instead attempt to argue that they are somehow prejudiced by the confidential designations.

Since Defendants filed their opposition brief, however, this Court has adopted a new Protective Order that moots Defendants' arguments.  For example, Defendants' argument that they cannot provide the PICs to non-testifying witnesses is now mooted, given that the agreed-upon Protective Order explicitly allows such disclosure.  Moreover, Defendants' argument that they do not have access to the PICs from the -660 and -662 cases is also moot, as those PICs have been produced under the terms of the new Protective Order.  Of course, Defendants' arguments that they cannot provide the PICs to their third-party vendors has always been moot, for the reason that Net Navigation has agreed that they may do so, provided that the PICs are kept confidential.  Accordingly, the Court should maintain the confidential designation of Net Navigation's PICs.

II.  ARGUMENT

A.   **The Defendants Are Able To Disclose The PICs To Third-Party Consultants And Vendors.**

On August 28, 2012, the parties filed a Joint Motion for Entry of Agreed Protective Order, (D.I. 93) which the Court adopted on August 29, 2012 (D.I. 95).  The agreed-upon Protective Order "shall apply to all information, documents and things subject to discovery in this Action produced either by a party or a non-party in discovery in this Action," including the

---

**PLAINTIFF NET NAVIGATION'S REPLY IN SUPPORT OF ITS MOTION TO KEEP ITS PICS CONFIDENTIAL**

PICs served by Net Navigation in the -660, -662, and -663 cases. (*Id.* ¶1.)

The Protective Order allows all parties to disclose Confidential Materials (including PICs) to experts and consultants once they obtain a signed undertaking from such individuals, provided they give the opposing party seven (7) business days to object. (*Id.* at ¶17 (VanderZanden Decl. Ex. B.))  Indeed, the terms of the Protective Order are similar to the initial terms offered by Net Navigation in allowing the Defendants to disclose the PICs to Defendants' third-party chip vendors.[1]

Defendants argue that the confidential designation of the PICs "precludes Defendants from engaging non-testifying consultants to assist [them in] preparing their defenses" (D.I. 94 at 2), but as readily apparent from the Protective Order, this is untrue. Defendants may engage non-testifying consultants, and provide them with the PICs, provided that they comply with paragraph 17 of the Protective Order. Likewise, Net Navigation has allowed Defendants to provide the PICs to their third-party chip vendors, again, provided that they provide Net Navigation a period of seven business days to object, a term that is consistent with the Protective Order. Thus, Defendants' arguments that the confidential nature of the PICs somehow prevents them from disclosing the PICs to parties that might assist them is hollow.

**B.    Defendants Fail To Demonstrate Any Prejudice That Might Be Caused By The Confidential Designation Of Net Navigation's PICs.**

This Court's precedent requires the Defendants to demonstrate actual prejudice that might be caused by the confidential designation of the challenged materials. *See, ExitExchange*, 2:10-cv-297, 2012 U.S. Dist. LEXIS 40000 at *8. Defendants, however, fail to demonstrate any actual prejudice caused by the confidential designation of Net Navigation's PICs.

First, Defendants argue that the confidential designations prevent them from having

---

[1] For example, Net Navigation agreed that Defendants could provide the PICs to third-party chip vendors, provided that: (1) Any third-party vendor receiving a copy of Net Navigation's PICs must agree to keep them confidential, and to not disclose them to any other parties (consistent with the terms of the Protective Order); and (2) Defendants must provide Net Navigation with the identity of any third-party vendor(s) seven business days prior to providing such third-parties with the PICs (again, consistent with the terms of the Protective Order).

access to Net Navigation's PICs from the -660 and -662 actions.  (D.I. 94 at 2.)  Defendants argue that "Net Navigation may be asserting contradictory theories of infringement in these concurrently-pending actions."  (D.I. 94 at 5.)  Net Navigation, however, has since produced the PICs from the other actions (with the confidential designation intact) as part of its document production during the normal course of discovery.  (VanderZanden Decl. Ex. A.)  As a result, Defendants' argument on this point is moot.

Next, Defendants argue that the confidential designation "precludes Defendants from engaging non-testifying consultants to assist [them in] preparing their defense," and that the "7-business-day notice period unfairly forces Defendants to reveal their trial preparations to Net Navigation."  (D.I. 94 at 2.)  As explained above, the Protective Order allows the Defendants to provide Confidential Materials to non-testifying consultants.  Likewise, Net Navigation has allowed Defendants to provide the PICs to their third-party chip vendors.  Moreover, Defendants' claims that they are prejudiced by the 7-day notice period rings hollow, given that Defendants explicitly agreed to include the same 7-day notice period in the agreed-upon Protective Order.  (D.I. 93 at ¶17.)  Furthermore, while the Protective Order requires parties to disclose the *identities* of the individuals who will receive access to Confidential Materials, it does not require parties to describe what these individuals *will do* with the materials *or why* that person has been engaged.  As a result, it is hard to understand how disclosure of these individuals' identities will "unfairly force Defendants to reveal their trial preparation" in any way.  There is no real and actual prejudice suffered by disclosure of identities alone.

Lastly, Defendants argue that "[t]he very purpose of the patent system is to put the public on notice of the scope of the issued claims so that the public can avoid potential infringement and honor the patentee's right to exclude."  (D.I. 94 at 4.)  What Defendants fail to grasp, however, is that *the patents themselves* serve this notice function.  There is no reason to conclude that other, unnamed potential infringers must have unfettered access to Net Navigation's confidential infringement theories to ascertain the claimed patent scope, and

---

indeed, there is no authority for that proposition in the law.  Indeed, if during litigation with other parties, such parties desire access to Net Navigation's PICs, those parties can get them in discovery, just as Defendants received copies of Net Navigation's PICs from the -660 and -662 actions in this case.  (VanderZanden Decl. Ex. A.)  Moreover, while Net Navigation certainly appreciates Defendants' (highly dubious) offer to alert potential third-party infringers to Net Navigation's infringement theories so they can potentially "acquire a license" to the Patents-in-Suit (D.I. 94 at 7), Defendants' inability to do so does not appear to prejudice Defendants in any real way, and Net Navigation is capable of identifying potential licensees without the offered assistance.  Further, in such a scenario, fairness would also dictate that Net Navigation merely know the names of such potential third-party infringers if they are known to Defendants and Defendants are otherwise giving third-parties a "leg up" and aiding them by providing materials from a pending litigation.

### C. The Cases Relied Upon By Defendants Are Distinguishable.

Defendants cite to *Constellation, LLC v. Avis Budget Group, Inc.*, No. 5:07-cv-38, 2007 WL 7658921 (E.D. Tex. Oct. 30, 2007) (J. Cravens) in support of their assertion that the PICs should be de-designated, but that case is readily distinguishable.  In *Constellation*, defendant FedEx wanted to submit the PICs to the Patent Office as part of a reexamination request, while the plaintiff argued that the PICs should not be disclosed in such a manner.  *Id.* at *2.  Judge Cravens weighed the parties' respective interests, and held that "FedEx's interests in removing the "Confidential" designation outweighs any interest of [the plaintiff] in preserving the designation." *Id.* at 5.  Here, there is no actual interest in real conflict regarding disclosure as existed in *Constellation*.   Defendants have identified only third-party chip vendors and non-testifying witnesses as parties that they want to provide the PICs to, ***and Net Navigation has agreed that they may do so***, subject to the terms of the parties' agreement and the governing Protective Order.  Thus, Defendants' interest in removing the "Confidential" designation is not in evident conflict with (much less outweighed by) Net Navigation's interest in preserving the

---
PLAINTIFF NET NAVIGATION'S REPLY IN SUPPORT OF ITS MOTION TO KEEP ITS PICS CONFIDENTIAL
Page 4

designation.

Likewise, *Fractus, S.A. v. Samsung Elecs. Co.* involved a protective order which explicitly stated that "Protected Information shall not include … information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential – Attorneys' Eyes Only Information." No. 6:09-cv-203-LED-JDL, Order (D.I. 410), slip op. at 2 (E.D. Tex. June 7, 2010). Critically, neither the previous protective order *nor* the agreed-upon Protective Order in this case includes such a provision. (Indeed, the absence of such a provision in either protective order suggests that this Court should reach the *opposite* conclusion concerning the designation of Net Navigation's PICs as the Court did in *Fractus, S.A.*) Given the difference between the Protective Order construed in *Fractus, S.A.* and the Protective Order at issue here, that decision cannot be said to be on point.

Conversely, this Court's decision in *ExitExchange* is directly on point. In that case, Judge Gilstrap determined that a plaintiff's PICs do in fact contain confidential information, even when the Defendant has challenged that designation (and thus, implicitly conceded that the underlying evidence that the PICs cited was *not* confidential). *ExitExchange*, 2:10-cv-297, 2012 U.S. Dist. LEXIS 40000 at *6. As Judge Gilstrap wrote, "[t]he Court finds that such information [plaintiff's PICs] is confidential business information that **is not generally known**. Accordingly, the information in question should remain confidential." *Id.* (emphasis added) Net Navigation's PICs, likewise, contain its own confidential mental impressions, technical and strategic analysis, and infringement analysis concerning the scope of the Patents-in-Suit that it considers to be confidential business information, and that is not generally known. Net Navigation's PICs should similarly remain confidential.

### III. CONCLUSION

For the foregoing reasons, Net Navigation respectfully requests that the Court reject Defendants' arguments, and preserve the confidential designations of Net Navigation's PICs.

---

**PLAINTIFF NET NAVIGATION'S REPLY IN SUPPORT OF ITS MOTION TO KEEP ITS PICS CONFIDENTIAL**

| | |
|---|---|
| Dated: September 7, 2012 | */s/ M. Brett Johnson* <br> M. Brett Johnson <br> State Bar No. 00790975 <br> LEAD ATTORNEY <br> Steven R. Daniels <br> State Bar No. 24025318 <br> M. Vanessah Melton <br> State Bar No. 24028818 <br> Brian VanderZanden <br> *Pro Hac Vice* <br> FARNEY DANIELS LLP <br> 800 S. Austin Ave., Suite 200 <br> Georgetown, Texas 78626 <br> Telephone: (512) 582-2828 <br> Facsimile: (512) 582-2829 <br> <br> **ATTORNEYS FOR PLAINTIFF** <br> **NET NAVIGATION SYSTEMS, LLC.** <br> <br> James C. Tidwell <br> State Bar No. 20020100 <br> WOLFE, TIDWELL & MCCOY, LLP <br> 320 North Travis Street, Suite 205 <br> Sherman, TX 75090 <br> Telephone: (903) 868-1933 <br> Facsimile: (903) 892-2397 <br> <br> **LOCAL COUNSEL FOR PLAINTIFF** <br> **NET NAVIGATION SYSTEMS, LLC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2012, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of records.

*/s/ M. Brett Johnson*
M. Brett Johnson