# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC, | ) )  ) |
| Plaintiff, | ) Civil Action No. 4:11-cv-663-RAS-ALM ) |
| v. | ) JURY TRIAL DEMANDED ) |
| ALCATEL-LUCENT USA INC., and AT&T INC, | ) ) ) |
| Defendants. | ) ) ) |

**NET NAVIGATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OR COMPEL PLAINTIFF'S INFRINGEMENT CONTENTIONS, FOR A PROTECTIVE ORDER, AND TO POSTPONE CASE DEADLINES**

---

**PLAINTIFF NET NAVIGATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE, ETC.**

I.      INTRODUCTION

Having silently waited almost six weeks after receiving Net Navigation's PICs before raising any issues, Defendant seeks the draconian remedy of summarily preventing fair adjudication (or even discovery) of products specifically identified as infringing the patents in the same way as those products for which representative charts were produced.  Defendant seeks such extraordinary relief at this early stage of the case without:  (1) providing evidence that Net Navigations' theory of reasonable similarity of the products is wrong; or (2) complying with Patent Local Rules 2-5 and 3-4 and giving Net Navigation access to confidential source code or product schematics that would confirm or undermine available public data already used. [1]

Improperly seeking to draw Net Navigation into divulging all aspects of its privileged pre-suit investigation, Defendant alleges that Net Navigation did not properly prepare its case; however, the PICs and the voluminous documents already submitted to the Court plainly tell a different story.  This is not "guess" work.  Alcatel-Lucent ("ALU") offers well over three hundred (300) products in the communications space.  (VanderZanden Decl. ¶6.)  Net Navigation determined that only thirty-nine (39) of these products could be properly accused of infringing the Patents-In-Suit.  These Accused Products **all**: (a) operate using the same proprietary ALU "AOS" or "SR OS" software; (b) function in standardized networks performing the same network management tasks; and (c) utilize network processors that, despite different names or manufacturers, function in substantially the same way as to the patented functionality.  Thus, they are alleged to infringe the patents in essentially the same way.  Defendant provides no contrary proof—only evidence of differing component brands and lawyer argument.  Defendant is silent on actual functionality.

Defendant also elevates form (as well as cost) over substance when it invites individual charting of products under these circumstances.  Net Navigation alleges that *all* of the Accused

---

[1] Undermining the already questionable legitimacy of its positions, Defendant refuses to produce information for products containing the FP processors, which are inarguably individually charted as exemplary products (D.I. 73 at 15 fn. 4).  Even if the Court sides with Defendant on the issue of exemplary charts—which it should not—it would be error to broadly strike products that contain the FP processors.

---

**PLAINTIFF NET NAVIGATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE, ETC.** Page 1

Products infringe the Patents-in-Suit in substantially the same way.  Thus, generating individual product charts (making near-identical allegations) would not aid disclosure.  Generating another 35 charts would likely generate an additional 1500 pages, but without access to confidential information on those products, would not substantially improve the specificity as to any product.

Defendants claim that Net Navigation's PICs are "deficient" because they are based solely on public information is precisely why Net Navigation sought confidential source code and technical schematics early in this case – to provide more detailed disclosures.  At bottom, much of the key information and drill-down detail is really in the non-public technical documents and source code.  Defendants should not have it both ways: demanding very specific disclosures while withholding (wrongfully) the only evidence that will allow such specificity.

II. ARGUMENT

A. Net Navigation's Use of Exemplary Products Is Proper

Net Navigation provided PICs setting forth its infringement contentions for all of the Accused Products by using four products that contain two network processors as being exemplary products—a process this Court has approved.  *See, e.g. Linex Techs. Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 711 (E.D. Tex. 2008) (J. Love); *see also Connectel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 528-529 (E.D. Tex. 2005) (J. Davis).  Defendant suggests that Net Navigation somehow failed to properly prepare its case, and set forth a nonsensical "three-step analysis" whereby it claims Net Navigation is accusing "all computer products."  (D.I. 96 at 2.) Given that ALU's website offers over 300 "computer products" for sale, and the fact that only 39 specifically identified products are at issue, Net Navigation contends it used a bit more sophisticated analysis. (VanderZanden Decl. ¶6.)

Net Navigation's PICs set forth a very specific theory of infringement based on specific infringing features of a specific subset of networking products for each of the four Patents-in-Suit.  Indeed, the nearly 150 pages of charts corresponding to only four products and two processors, serve as a map of Net Navigation's infringement theories with cites to public evidence.  Net Navigation's PICs, for example, include detailed pictures of the system

architecture that identify the DRAMs, TCAM, processor engines and traffic managers in the accused FP processors.  Significantly, because Net Navigation's alleges that *all* of the Accused Products infringe the Patents-in-Suit in substantially the same way, it would not aid the overall disclosure simply to generate repetitive charts for thirty-five additional products making substantially identical allegations.  An additional 1500 pages of charts—without aid of source code and product schematics—would add little but volume.

Defendants cite *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, (E.D. Tex. 2007) (J. Clark), but that case is distinguishable.  In *Computer Acceleration*, the plaintiff charted Microsoft's Windows XP product, and stated in a footnote that it also accused Microsoft's Vista product, while conceding that "only 70 percent of [plaintiff]'s claims against Vista are related to the claims against Windows XP." *Id.* at 823.  As the Court noted, "[t]his is not a situation where identical infringement contentions are asserted among the accused products," finding that "[t]his factor weighs heavily in favor of striking the infringement contentions involving Vista" (conceding that normally, a patent holder is "not required to make separate charts where the infringement contentions are identical for each accused products.") *Id.* Furthermore, Microsoft had produced the Vista software code to the plaintiff to allow for inspection and specific contentions.  *Id.* at 824.  Here, Net Navigation is making substantially identical infringement contentions against all of the Accused Products, while Defendants are *refusing* to produce confidential source code and schematics for all products.  Given the disparate facts at issue in *Computer Acceleration*, that case actually favors Net Navigation.[2]

    **B.  Defendant's Claims of Inadequate Investigation Are Unfounded.**

Net Navigation's pre-suit investigation of the publicly available documents showed that the Accused Products infringe, do so in a reasonably similar manner, have been properly named in the live complaint, and have been charted through representative products of nearly 150

---

[2] Defendant's reliance on *Imperium (IP) Holdings, Inc. v. Apple, Inc. et al.*, No. 4:11-cv-00163-RC-ALM, Order (D.I. 164), slip op. at 7 (E.D. Tex. Apr. 11, 2012) (J. Mazzant) is similarly misplaced, for the reasons explained in Net Navigation's reply brief in support of its motion to compel, which is incorporated herein by reference.  (D.I. 97 at 2-3.)

pages. Defendant is improperly asking this Court to adjudicate the underlying substantive issue of infringement without ever allowing proper discovery. The Court should not just take Defendant's word as to the products – that is the purpose of discovery. Again, Net Navigation is only seeking discovery on 39 products out of over 300 overall product and service categories offered for sale on Defendant's website. This is not a "shotgun approach" as much as Defendant tries to spin it that way; instead, it is an attempt to precisely focus the case on a few products that, according to the publicly-available documents, all operate in a reasonably similar manner. Proper claims in the current suit should not be derailed by Defendant's improper discovery and motion strategies.

Defendant complains that Net Navigation came "forward with public information" regarding the Accused Products "in a tardy attempt to shore up its conclusory statements of reasonable similarity." (D.I. 96 at 1.) This is not a genuine argument. These materials are publicly available, and were largely obtained from ALU's own website. Defendant's suggestion that these materials were somehow "withheld" rings hollow, given that Defendant plainly had access to them since before this case was brought. Importantly, while crying "foul" Defendant fails to mention that, while the materials submitted by Net Navigation indicate functionality that is common across products, they critically lack product detail sufficient to chart infringement by any product. These public documents were properly submitted in opposition to Defendant's motion to strike to demonstrate two crucial points: *first*, that Net Navigation has a solid basis to allege that the remaining Accused Products are reasonably similar to the exemplary products charted; and *second*, that no publicly available information has the level of detail and specificity of the confidential source code and schematics that Net Navigation has sought in this case since May 2, 2012.[3]

Significantly, Defendants ***do not provide evidence or argument*** explaining how or why

---

[3] In alleging that Net Navigation either "failed to diligently obtain these materials" or "strategically decided to hold back information about the uncharted products," Defendants are engaging in the fallacy of false alternatives. These documents were submitted purposely to demonstrate the reasonable similarity of the Accused Products and were almost all in Defendant's possession and available on its site. The Defendants cannot create a "box" of only two dramatically favorable alternatives when many others are apparent and based in actual fact.

**PLAINTIFF NET NAVIGATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE, ETC.**  Page 4

the Accused Products are not "reasonably similar" to the charted products. Critically, they do not deny that the Accused Products all use the same proprietary ALU "AOS" or "SR OS" software, or show that the network processors function differently *vis-à-vis* the patented features. Instead, they point out that the publicly available information is lacking (D.I. 96 at fn. 3), which is precisely the point that Net Navigation has been making since May 2nd. Indeed, Defendants themselves concede that the information sought by Net Navigation is not publicly available. (D.I. 73 at 9.) Defendants argue that the Accused Products are "for sale," and could be examined, but the products cost more than $52,000, and even if purchased, would be of little value because the source code and processor design/functionality is not obtainable. (VanderZanden Decl. Exs. A-D.) This Court has repeatedly found PICs to be sufficient where, as here; a plaintiff has limited access to confidential information, such as source code. *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005); *800 Adept, Inc. v. Enter. Rent-A-Car Co.*, 2008 U.S. Dist. LEXIS 12492 at *9 (E.D. Tex. Feb. 20, 2008).

### C. The Claim Construction Hearing Should Not Be Postponed.

Defendant asks the Court to postpone the *Markman* hearing. The claim construction process, however, is already well on its way, as the parties have exchanged proposed terms to construe, and will soon exchange proposed constructions. (D.I. 69 at 2.) Postponing the *Markman* hearing at this point would serve no purpose. Defendant contends that it is at a disadvantage in claim construction, but it is a well-founded axiom that claims should be construed in a vacuum, and not based on the products accused of infringement.[4] *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1330 (Fed. Cir. 2006). Moreover, because Patent L.R. 3-6(a)(1) allows service of amended PICs after a *Markman* order, even if Defendants' motion is granted, in whole or in part, there is little basis for this Court's *Markman* hearing to be postponed.

---

[4] Notably, Defendant presently proposes nearly seventy (70) terms for construction. It is difficult to imagine there are additional terms in need of construction if individual charts for twenty products were provided.

PLAINTIFF NET NAVIGATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO
STRIKE, ETC.                            Page 5

Dated: September 12, 2012

*/s/ M. Brett Johnson*
M. Brett Johnson
State Bar No. 00790975
LEAD ATTORNEY
Steven R. Daniels
State Bar No. 24025318
M. Vanessah Melton
State Bar No. 24028818
Brian VanderZanden
*Pro Hac Vice*
FARNEY DANIELS LLP
800 S. Austin Ave., Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829

**ATTORNEYS FOR PLAINTIFF
NET NAVIGATION SYSTEMS, LLC.**

James C. Tidwell
State Bar No. 20020100
WOLFE, TIDWELL & MCCOY, LLP
320 North Travis Street, Suite 205
Sherman, TX 75090
Telephone: (903) 868-1933
Facsimile: (903) 892-2397

**LOCAL COUNSEL FOR PLAINTIFF
NET NAVIGATION SYSTEMS, LLC.**

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2012, I electronically filed the foregoing filing with the Clerk of Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of records.

*/s/ M. Brett Johnson*
M. Brett Johnson