**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC,<br><br>        Plaintiff,<br>v.<br><br>ALCATEL-LUCENT USA INC. and AT&T, INC.,<br><br>        Defendants. | Civil Action No. 4:11-cv-663-RAS-ALM |

**DEFENDANTS' SURREPLY IN FURTHER OPPOSITION TO NET NAVIGATION'S
MOTION FOR PROTECTIVE ORDER TO KEEP ITS PICS CONFIDENTIAL**

I.      **INTRODUCTION**

In its Reply, Net Navigation contends that "this Court has adopted a new Protective Order that moots Defendants' arguments." (D.I. 99 at 1.) The entry of the new Protective Order, however, *actually reinforces* Defendants' contention that Net Navigation's PICs do not contain protectable information. In order to be designated as "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" under the most recent Protective Order, the contents of Net Navigation's PICs must be "especially sensitive" information that "could cause significant competitive harm if disclosed to an unauthorized person." (D.I. 95 at 4.) But Net Navigation cannot credibly claim that its infringement contentions contain any sensitive information. Net Navigation's infringement contentions merely identify which aspects of Alcatel-Lucent's *publicly available* product information Net Navigation allege correspond to various claim elements. (*See* D.I. 80, Sealed Mot. at 4 ("Net Navigation was forced to rely upon publicly available information for support in its PICs.").) Nor would disclosure of Net Navigation's infringement contentions "cause significant competitive harm." Indeed, the infringement contentions cannot give Net Navigation's competitors a business advantage—Net Navigation is a non-practicing entity without any competitors. And Net Navigation has made no attempt to establish that it would suffer any competitive harm. (D.I. 99.) Instead, Net Navigation again attempts to argue that it is permitted to designate anything it wishes however it wishes to do so under the Protective Order, so long as it strategically allows Defendants to share the improperly designated information with pre-identified third parties. But even were this the test—which it is not—forcing Defendants to provide Net Navigation with advance notice pursuant to Paragraph 17 of the Protective Order unnecessarily prejudices Defendants' ability to manage their defense without Net Navigation's involvement, as well as the public's ability to understand how Net Navigation reads the scope of the asserted claims. Defendants should be able to disclose Net Navigation's infringement

1

contentions to any and all interested third parties, including undisclosed consultants, without having to reveal their trial preparations to Net Navigation.

## II. ARGUMENT

Defendants demonstrated in their opposition to the instant motion that the information set forth in Net Navigation's infringement contentions does not qualify as "confidential proprietary and business information and/or trade secrets" under the Court's original Protective Order in this action. (D.I. 94.) For similar reasons, the information set forth in Net Navigation's infringement contentions also fails to meet the requirements of the Court's recent Protective Order—"especially sensitive" information that "could cause significant competitive harm if disclosed to an unauthorized person." (D.I. 95 at 4.)

### A. Net Navigation's Contentions Are Not Properly Designated "Confidential" Under the New or Old Protective Order.

Net Navigation has designated the claim charts included in the PICs as "Highly Confidential—Outside Attorney's Eyes Only pursuant to the terms of the Protective Order governing discovery in this case" on the sole basis that its infringement contentions contain its lawyers' "mental impressions, technical and strategic analysis, and infringement analysis concerning the scope of the Patents-in-Suit." (D.I. 80, Sealed Mot. at 3.) Under the new Protective Order recently entered by the Court, however, "[t]he parties may designate as 'CONFIDENTIAL—OUTSIDE COUNSEL ONLY' those Confidential Materials that contain Confidential Information that is *especially sensitive* and could cause *significant competitive harm* if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements, and other highly confidential

technical, research and development, and financial information." (D.I. 95 at 4.[1]) Net Navigation's infringement contentions fail to meet any aspect of that test.

As an initial matter, Net Navigation's infringement contentions are not "*especially sensitive*" as required for a "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" designation under the Protective Order. (D.I. 95 at 4.) Net Navigation's infringement contentions merely contain its lawyers' legal analysis of public documents reflecting how it understands the claim scope of the Patents-in-Suit. Such analysis, once disclosed to the opposing party, does not merit even a "confidential" designation. *Constellation, LLC v. Avis Budget Group, Inc.*, No. 5:07-cv-38, 2007 WL 7658921, at *2–3 (E.D. Tex. Oct. 30, 2007); *Fractus, S.A. v. Samsung Elecs. Co.*, No. 6:09-cv-203-LED-JDL, Order (D.I. 410), slip op. at 2 (E.D. Tex. June 7, 2010). Indeed, similar legal analysis is routinely performed and disclosed as part of the normal course of litigation, including by both the attorneys and by the Court. There is nothing "especially sensitive" about Net Navigation's particular analysis and Net Navigation therefore has no basis for its confidentiality designation.

Moreover, disclosure of Net Navigation's infringement contentions would not "cause *significant competitive harm*," which is required for such designations under the Protective Order. Net Navigation is a non-practicing entity without any competitors. Disclosure of its infringement contentions *cannot* cause any Net Navigation competitive harm, much less competitive harm significant enough to justify the burden of Net Navigation's designation. Even were Net Navigation to have a relevant competitor, the routine disclosure of a legal position bears no resemblance whatsoever to the illustrative examples provided in the Protective Order of legitimately protectable materials: for example, "pending but unpublished patent applications,

---

[1] Emphasis added unless otherwise noted.

information concerning research, development and other activities related to unreleased products, license agreements, and other highly confidential technical, research and development, and financial information." (D.I. 95 at 4.) Accordingly, Net Navigation has no basis for designating its infringement contentions as "CONFIDENTIAL—OUTSIDE COUNSEL ONLY."

      **B.**    **Net Navigation's Confidentiality Designation Prejudices Defendants and the Public.**

Net Navigation argues that its improper confidentiality designation does not prejudice Defendants because the "Protective Order allows all parties to disclose Confidential Materials (including PICs) to experts and consultants once they obtain a signed undertaking from such individuals, provided they give the opposing party seven (7) business days to object." (D.I. 99 at 2.) Like Net Navigation's "compromise" discussed in Defendants' Opposition (D.I. 94 at 2–3), applying the disclosure provisions of the Protective Order to Net Navigation's improperly designated infringement contentions prejudices Defendants by forcing Defendants to reveal their trial preparations to Net Navigation, as well as by precluding Defendants from engaging non-testifying consultants to assist in preparing their defenses. While this requirement would be tolerable for information genuinely requiring such treatment, Net Navigation's insistence that Defendants comply with Paragraph 17 of the Protective Order to discuss basic infringement contentions that contain no confidential information whatsoever is nothing more than an attempt by Net Navigation to restrict the essential work activities of Defendants' trial counsel.

Interestingly, Net Navigation has repeatedly made small, strategic concessions when challenged in order to preserve its ability to conceal the basis of its infringement claims from a wider audience. Net Navigation now asserts, for example, that Defendants' arguments are mooted by its recent decision—in response to Defendant's opposition—to produce to Defendants in this action its infringement contentions from *Net Navigation Systems, LLC v. Cisco Sys., Inc.*

4

*and AT&T Inc.,* Case No 4:11-CV-660, and *Net Navigation Systems, LLC v. Huawei Technologies Co., Ltd., Huawei Technologies USA Inc., and Futurewei Technologies, Inc.,* Case No 4:11-cv-662. But such strategic disclosures made in order to advance Net Navigation's interests betray Net Navigation's inappropriate use of the Court's Protective Order "to impose burden or delay … for tactical or other advantage in litigation." (D.I. 95 at 4.) Nor does Net Navigation's recent disclosure address the burdens identified above or change the fact that Defendants labored under Net Navigation's restrictions for months before it suited Net Navigation to change tack.

Moreover, such selective disclosures confound the fundamental purpose of the patent system, to put the ***general public*** on notice of potential infringement. This fundamental principle extends to Net Navigation's "perceived scope of patent ownership" as evidenced in its infringement contentions. *See, e.g., Constellation*, 2007 WL 7658921 at *3. As Defendants indicated in their opposition, Net Navigation's wish to litigate in secret also undermines the integrity of the judicial system and the public's right to access court proceedings, issues that Net Navigation conspicuously failed to address in its reply. *See U.S. v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (holding district court's decision to seal to be abuse of discretion, emphasizing that "a court must use caution in exercising its discretion to place records under seal" because "[t]he principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself."). Accordingly, its motion should be denied and its infringement contentions de-designated.

### III. CONCLUSION

For the reasons set forth above and in Defendants' opposition brief, Defendants respectfully request that the Court deny Net Navigation's motion for a protective order and de-designate Net Navigation's infringement contentions.

Dated:  September 17, 2012

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
efindlay@findlaycraft.com
Brian Craft
State Bar No. 04972020
bcraft@findlaycraft.com
**FINDLAY CRAFT, LLP**
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Telephone: 903-534-1100
Fax: 903-534-1137


Jeanne M. Heffernan, admitted *pro hac vice*
jheffernan@kirkland.com
Kirkland and Ellis LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212- 446-4696
Fax: 212-446-6460

ATTORNEYS FOR DEFENDANTS
ALCATEL-LUCENT USA INC. AND AT&T
INC.

//

//

//

//

//

//

//

//

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 17, 2012, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

                                          */s/ Eric H. Findlay*
                                          Eric H. Findlay