# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NET NAVIGATION SYSTEMS, LLC § | |
| § | |
| § | Case No. 4:11-CV-00663 |
| v. § | Judge Schell/Judge Mazzant |
| § | |
| § | |
| ALCATEL-LUCENT USA INC. and § | |
| AT&T, INC. § | |

## ORDER DENYING MOTION FOR A PROTECTIVE ORDER

Pending before the Court is Plaintiff's Motion for a Protective Order to Keep its PICS Confidential (Dkt. #80).  Having considered the relevant pleadings, the Court finds that the motion should be denied.

On June 26, 2012, Plaintiff served its Patent Infringement Contentions pursuant to Patent Local Rule 3-1 ("PICs") in this case and designated them as "Highly Confidential" pursuant to the Court's default Protective Order.  Plaintiff asserts that its PICs contain confidential mental impressions, technical and strategic analysis, and infringement analysis concerning the scope of the Patents-in-Suit, making these materials properly designated confidential.

On August 28, 2012, the parties filed a Joint Motion for Entry of Agreed Protective Order, which the Court adopted on August 29, 2012 (Dkt. #95).  The Protective Order provides in part as follows:

> The parties may designate as "CONFIDENTIAL—OUTSIDE COUNSEL ONLY" those Confidential Materials that contain Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements, and other highly confidential technical, research and development, and financial information.

(Dkt. #95).

On August 10, 2012, Plaintiff filed its request for a protective order to keep its PICs confidential (Dkt. #80). On August 28, 2012, Defendants filed a response (Dkt. #94). On September 7, 2012, Plaintiff filed a reply (Dkt. #99). On September 17, 2012, Defendants filed a sur-reply (Dkt. #104).

In order for Plaintiff to designate information as confidential, the information must be "especially sensitive" that "could cause significant competitive harm if disclosed to an unauthorized person." The Court does not see, and Plaintiff has failed to demonstrate, how its PICs contain any sensitive information. Plaintiff's infringement contentions merely contain its lawyers' legal analysis of public documents reflecting how it understands the claim scope of the Patents-in-Suit. The Court also agrees with Defendants that disclosure would not cause Plaintiff significant competitive harm.[1]

It is therefore ORDERED that Plaintiff's Motion for a Protective Order to Keep Its PICS Confidential (Dkt. #80) is hereby DENIED.

**SIGNED this 19th day of September, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff relies upon *ExitExchange Corp. v. Casale Media, Inc.*, 2:10-cv-297, 2012 WL 996960 (E.D. Tex. Mar. 23, 2012). The Court finds this case distinguishable from the facts of this case. In *ExitExchange*, the Court found that the information may be used by plaintiff's competitors, a situation that is not present in this case.